## POWERS v. SILBERMAN et al.

(Circuit Court of Appeals, Third Circuit. February 14, 1925.)

No. 3190.

1. **Bankruptcy ⬡⇒68—Alleged bankrupt held "engaged chiefly in farming."**

Alleged bankrupt *held* person engaged "chiefly in farming," and not subject to be adjudicated a bankrupt.

2. **Bankruptcy ⬡⇒68—Incurring of indebtedness outside farming held not alone to determine whether alleged bankrupt is "engaged chiefly in farming."**

Though indebtedness incurred outside of farming may be used to show that alleged bank-rupt is not "engaged chiefly in farming," it is not of itself determinative.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Petition by Joseph Silberman and others for adjudication of Harry L. Powers as bankrupt. From an order of the District Court, approving the special master's report recommending that he be adjudged bankrupt, Harry L. Powers appeals. Reversed, with directions.

Joseph E. Stricker and Samuel G. Meisterman, both of Newark, N. J., for appellant.

William Harris, of Newark, N. J., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. [1] The question involved in this case in bankruptcy is whether Harry L. Powers, the alleged bankrupt, was a "person engaged chiefly in farming or the tillage of the soil." On his petition to dismiss, on that ground, the bankruptcy proceeding filed against him, the special master held that he was not so engaged, and recommended he be adjudged bankrupt. On certificate, the court approved this action of the master, whereupon Powers took this appeal.

The facts are really not in dispute and the question is the inference to be drawn therefrom. The only testimony adduced was that of Powers himself, which was not only uncontradicted, but he offered to prove the same facts by several of his neighbors. These the master declined to hear, on the ground such evidence was simply cumulative. His own proofs showed that for 12 years he had lived on and farmed a tract of 100 acres, two-thirds of which he owned, and his wife the residue; that on parts of it he raised truck, hay, and pasturage, and part was uncultivated; that at times he employed from one to five men; that his farming implements were from $2,000 to $3,000 in value; that he had, at times, up to 12 horses and 4 cows; that he sold or exchanged hay, truck, etc., to others, raised and sold tomatoes for a canning factory, and generally lived the usual farmer life.

The issue was not whether he was engaged in farming—for without any contradiction whatever, he showed he was—but whether that was his chief occupation. He was a coexecutor with his mother and sister in the management of his father's estate, which consisted of city property; but his

work therein was only to collect rents which were paid chiefly by checks from tenants, who, under the leases, kept the property in repair. He had an interest in a neighborhood cannery, and for three or four months, until it burned down, took part in its management, buying up canning material from the neighborhood farms. He also bought stock in some enterprises, and served as vice president and director, but how much time or labor this took is not shown. During some of the time, probably due to his losses, his wife took boarders, and also started a tea room in their farmhouse, in which latter he assisted her. But during all these times, and in these matters, he made no change in his farming operations. In these outside matters he incurred some indebtedness, much of which he paid off or secured, but some of which was owned by the petitioning creditors and was not paid. The fact that, as stated by him, these debts "did not arise out of the tilling of the soil," seemed to weigh heavily in the master's reaching his conclusion.

[2] But it will be observed the crucial question in this case is, not whether the alleged bankrupt incurred indebtedness outside of farming, but whether he was "engaged chiefly in farming." Of course, outside indebtedness is an element of proof, and may tend, in connection with other facts, to show that a man was chiefly engaged in other activities, and that he was not engaged chiefly in farming; but such indebtedness is, in itself, but an element to be considered, not a fact to alone determine, whether he is chiefly engaged in farming.

Being of opinion that at all times Powers has been engaged chiefly in farming, the judgment below is reversed, with directions to dismiss the proceeding in bankruptcy, at the cost of the petitioners here and below.